1  WILLIAM R. TAMAYO – #084965 (CA)
   JONATHAN T. PECK— #12303 (VA)
2  DAVID F. OFFEN-BROWN – #63321 (CA)
   SIRITHON THANASOMBAT—#270201 (CA)
3  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
   San Francisco District Office
4  350 The Embarcadero, Suite 500
   San Francisco, California 94105-1260
5  Telephone:    (415) 625-5671
   Facsimile:    (415) 625-5657
6
   Attorneys for Plaintiff
7  U.S. Equal Employment Opportunity Commission

8                   UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10

11  U.S. EQUAL EMPLOYMENT            Civil Action No.
    OPPORTUNITY COMMISSION,
12                                   CV 11   4845
              Plaintiff,             COMPLAINT
13
                                     Civil Rights - Employment
14  v.                               Discrimination

15  UNIVERSITY COLLEGE OF CHAPMAN    DEMAND FOR JURY TRIAL
    UNIVERSITY, CHAPMAN UNIVERSITY
16  COLLEGE d/b/a BRANDMAN
    UNIVERSITY, CHAPMAN UNIVERSITY
17  SYSTEM,

18
              Defendants.
19

20              **NATURE OF THE ACTION**

21       This is an action under the Age Discrimination in Employment Act (ADEA) to correct

22  unlawful employment practices on the basis of age and retaliation, and to provide appropriate

23  relief to Charging Party David Branham, who was 64 years old at the time of the violation and

24  who was adversely affected by such practices. Defendants University College of Chapman

25  University, Chapman University College d/b/a Brandman University, and Chapman University

26  System subjected the Charging Party to unlawful harassment, imposed disparate terms and

27

28

conditions of employment on Charging Party, and constructively discharged him in retaliation for engaging in protected activity under the ADEA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The unlawful employment practices alleged herein were committed in the State of California. Defendants have campuses within the jurisdiction of the United States District Court for the Northern District of California. Venue is therefore proper in the United States District Court for the Northern District of California.

## INTRADISTRICT ASSIGNMENT

3. This action is appropriate for assignment to the San Francisco/ Oakland Division of this Court as the Defendants have a place of business in Contra Costa County within the jurisdiction of the San Francisco/ Oakland Division.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission (the Commission), is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

5. In 2007, Defendant University College of Chapman University (UCCU) d/b/a Chapman University was a California corporation, continuously doing business in the State of California, in the City of Walnut Creek, and continuously had at least 20 employees.

6. At all relevant times, Defendant University College of Chapman University has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 11(b), (g) and (h) of the ADEA, 29 U.S.C. § 630(b), (g) and (h).

7. In 2008, Defendant Chapman University College was established as a separate corporation from Defendant UCCU to serve adult learners on various campuses within the State of California, including a campus in the City of Walnut Creek. Defendant Chapman University College continued to engage in the same business as Defendant UCCU. As a separate California corporation, Defendant UCCU continued to do business in the State of California and continuously had at least 20 employees.

8. Since the date that Defendant Chapman University College was incorporated, there has been a substantial continuity of business operations by Defendant Chapman University College of the business operations of Defendant UCCU.

9. Defendant Chapman University College had actual or constructive notice of Charging Party Branham's EEOC Charge at the time it was incorporated.

10. Since its date of incorporation, Defendant Chapman University College has been liable in this matter under the principles of successor liability.

11. Since its date of incorporation, Defendant Chapman University College has been a California corporation, continuously doing business in the State of California, in the City of Walnut Creek, and continuously had at least 20 employees.

12. Since its date of incorporation, Defendant Chapman University College has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 11(b), (g) and (h) of the ADEA, 29 U.S.C. § 630(b), (g) and (h).

13. In April 2009, Defendant Chapman University College was renamed Brandman University. Brandman University continued to engage in the same business as Defendant UCCU and Defendant Chapman University College.

14. Since April 2009, there has been a substantial continuity of business operations by Defendant Chapman University College d/b/a Brandman University of the business operations of Defendant UCCU and Defendant Chapman University College.

15. Defendant Chapman University College d/b/a Brandman University had actual or constructive notice of Charging Party Branham's EEOC Charge at the time it was renamed to Brandman University.

Since April 2009, Defendant Chapman University College d/b/a Brandman University has been liable in this matter under the principles of successor liability.

19. In 2009, Defendant Chapman University System was established as an entity comprised of Chapman University and Brandman University.

20. Defendant Chapman University System had actual or constructive notice of Charging Party Branham's EEOC Charge at the time it was established.

21. Since the date it was established, Defendant Chapman University System has been liable in this matter under the principles of successor liability.

22. Since the date it was established, Defendant Chapman University System has been continuously doing business in the State of California, in the City of Walnut Creek, and continuously had at least 20 employees.

23. Since the date it was established, Defendant Chapman University System has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 11(b), (g) and (h) of the ADEA, 29 U.S.C. § 630(b), (g) and (h).

24. In 2008-2009, Defendants UCCU and Chapman University College maintained interrelated operations, common management and directors, centralized control of labor relations and personnel, and common ownership and financial control, and operated as a single integrated enterprise. The integrated aspects of Defendants' operations include, but are not limited to, the following:

    a. In 2008, Defendant Chapman University College listed the same business address as Defendant UCCU's business address.

4
COMPLAINT

       b. In 2008, Defendant Chapman University College listed as its contact name "University College of Chapman University."

       c. Letterhead from Defendant Chapman University College has "Chapman University" and Defendant UCCU's address on it.

25. Since 2009, Defendants UCCU, Brandman University, and Chapman University System maintained interrelated operations, common management and directors, centralized control of labor relations and personnel, and common ownership and financial control, and operated as a single integrated enterprise. The integrated aspects of Defendants' operations include, but are not limited to, the following:

       a. Gary Brahm is the listed contact person for Brandman University and the Chancellor of Chapman University.

       b. Gary Brahm is the listed contact person for "Brandman University Chapman University System." Defendant UCCU's address is listed as the contact address for "Brandman University Chapman University System."

       c. Brandman University's website has "Chapman University System" immediately under its "Brandman University" banner.

## CONCILIATION

26. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

## FIRST CLAIM FOR RELIEF

**Violation of ADEA: Disparate Terms and Conditions of Employment Based on Retaliation**

27. More than thirty days prior to the institution of this lawsuit, Charging Party David Branham filed a charge with Plaintiff Commission alleging violations of ADEA by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

28. Since at least November 2007, after Charging Party complained about and/or rejected the unlawful age discrimination made against a co-worker, Defendant UCCU engaged in unlawful employment practices at the Fairfield, California campus, in violation of Section 623(d) of the ADEA, 29 U.S.C. § 623 (d), by taking adverse employment action against Charging Party David Branham, who was 64 years old at the time of the violation, by subjecting him to disparate terms and conditions based on unlawful retaliation. The disparate terms and conditions of employment included, but are not limited to, unjustifiably providing Charging Party Branham with a negative annual performance evaluation, subjecting him to six verbal and written warnings, imposing burdensome additional duties that no other employee in Charging Party's position on the campus had to complete, and near-daily overscrutiny of his programs and performance.

29. Since at least November 2007, after Charging Party complained about and/or rejected the unlawful age discrimination made against a co-worker, Defendant Chapman University College d/b/a Brandman University engaged in unlawful employment practices at the Fairfield, California campus, in violation of Section 623(d) of the ADEA, 29 U.S.C. § 623 (d), by taking adverse employment action against Charging Party David Branham, who was 64 years old at the time of the violation, by subjecting him to disparate terms and conditions of employment based on unlawful retaliation. The disparate terms and conditions included, but are not limited to, unjustifiably providing Charging Party Branham with a negative evaluation, subjecting him to six verbal and written warnings, imposing burdensome additional duties that no other employee in Charging Party's position on the campus had to complete, and near-daily overscrutiny of his programs and performance.

30. Since at least November 2007, after Charging Party complained about and/or rejected the unlawful age discrimination made against a co-worker, Defendant Chapman

University System engaged in unlawful employment practices at the Fairfield, California campus, in violation of Section 623(d) of the ADEA, 29 U.S.C. § 623 (d), by taking adverse employment action against Charging Party David Branham, who was 64 years old at the time of the violation, by subjecting him to disparate terms and conditions of employment based on unlawful retaliation. The disparate terms and conditions included, but are not limited to, unjustifiably providing Charging Party Branham with a negative evaluation, subjecting him to six verbal and written warnings, imposing burdensome additional duties that no other employee in Charging Party's position on the campus had to complete, and near-daily overscrutiny of his programs and performance.

31. The effect of the practices complained of in Paragraphs 28 through 30 above has been to deprive Charging Party Branham of equal employment opportunities and otherwise adversely affect his status as an employee, because he complained of unlawful discrimination.

32. The unlawful employment practices complained of in Paragraphs 28 through 30 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## SECOND CLAIM FOR RELIEF

### Violation of ADEA: Harassment Based on Retaliation

33. Plaintiff Commission hereby incorporates the allegations of Paragraphs 1 through 32 above as though fully set forth herein.

34. Since at least November 2007, after Charging Party complained about and/or rejected the unlawful age discrimination made against a co-worker, Defendant UCCU engaged in unlawful employment practices at the Fairfield, California campus, in violation of Section 623(d) of the ADEA, 29 U.S.C. § 623 (d), by taking adverse employment action against Charging Party by subjecting him to harassment based on unlawful retaliation. The harassment included, but is not limited to, yelling at Charging Party and subjecting him to humiliating treatment at weekly staff meetings, setting him up for failure in front of Defendants' executive administrators, and subjecting him to ageist comments.

35. Since at least November 2007, after Charging Party complained about and/or rejected the unlawful age discrimination made against a co-worker, Defendant Chapman University College d/b/a Brandman University engaged in unlawful employment practices at the Fairfield, California campus, in violation of Section 623(d) of the ADEA, 29 U.S.C. § 623 (d), by taking adverse employment action against Charging Party by subjecting him to harassment based on unlawful retaliation. The harassment included, but is not limited to, yelling at Charging Party and subjecting him to humiliating treatment at weekly staff meetings, setting him up for failure in front of Defendants' executive administrators, and subjecting him to ageist comments.

36. Since at least November 2007, after Charging Party complained about and/or rejected the unlawful age discrimination made against a co-worker, Defendant Chapman University System engaged in unlawful employment practices at the Fairfield, California campus, in violation of Section 623(d) of the ADEA, 29 U.S.C. § 623 (d), by taking adverse employment action against Charging Party by subjecting him to harassment based on unlawful retaliation. The harassment included, but is not limited to, yelling at Charging Party and subjecting him to humiliating treatment at weekly staff meetings, setting him up for failure in front of Defendants' executive administrators, and subjecting him to ageist comments.

37. The effect of the practices complained of in Paragraphs 34 through 36 above has been to deprive Charging Party Branham of equal employment opportunities and otherwise adversely affect his status as an employee, because he complained of unlawful discrimination.

38. The unlawful employment practices complained of in Paragraphs 34 through 36 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

### THIRD CLAIM FOR RELIEF

**Violation of ADEA: Constructive Discharge**

39. Plaintiff Commission hereby incorporates the allegations of Paragraphs 1 through 38 above as though fully set forth herein.

40. On or around May 14, 2008, Defendant UCCU engaged in unlawful employment practices in violation of Section 623(d) of the ADEA, 29 U.S.C. § 623 (d), by taking adverse employment action against Charging Party by constructively discharging him based on unlawful retaliation. Charging Party Branham was subjected to the unlawful employment practices complained of in Paragraphs 1 through 38 such that his abusive working environment became so intolerable that his resignation qualified as a fitting response.

41. On or around May 14, 2008, Defendant Chapman University College d/b/a Brandman University engaged in unlawful employment practices in violation of Section 623(d) of the ADEA, 29 U.S.C. § 623 (d), by taking adverse employment action against Charging Party by constructively discharging him based on unlawful retaliation. Charging Party Branham was subjected to the unlawful employment practices complained of in Paragraphs 1 through 38 such that his abusive working environment became so intolerable that his resignation qualified as a fitting response.

42. On or around May 14, 2008, Defendant Chapman University System engaged in unlawful employment practices in violation of Section 623(d) of the ADEA, 29 U.S.C. § 623 (d), by taking adverse employment action against Charging Party by constructively discharging him based on unlawful retaliation. Charging Party Branham was subjected to the unlawful employment practices complained of in Paragraphs 1 through 38 such that his abusive working environment became so intolerable that his resignation qualified as a fitting response.

43. The effect of the practices complained of in Paragraphs 40 through 42 above has been to deprive Charging Party Branham of equal employment opportunities and otherwise adversely affect his status as an employee, because he complained of unlawful discrimination.

44. The unlawful employment practices complained of in Paragraphs 40 through 42 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant UCCU, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in harassment, disparate terms and conditions of employment, and constructive discharge based on age and retaliation.

B.  Grant a permanent injunction enjoining Defendant Chapman University College d/b/a Brandman University, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in harassment, disparate terms and conditions of employment, and constructive discharge based on age and retaliation.

C.  Grant a permanent injunction enjoining Defendant Chapman University System, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in harassment, disparate terms and conditions of employment, and constructive discharge based on age and retaliation.

D.  Order Defendant UCCU to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

E.  Order Defendant Chapman University College d/b/a Brandman University to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

F.  Order Defendant Chapman University System to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

G.  Grant a judgment requiring Defendant UCCU to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest, to Charging Party Branham.

10
COMPLAINT

1  H. Grant a judgment requiring Defendant Chapman University College d/b/a Brandman University to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest, to Charging Party Branham.

I. Grant a judgment requiring Defendant Chapman University System to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest, to Charging Party Branham.

J. Order Defendant UCCU to make whole Charging Party, who was adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices.

K. Order Defendant Chapman University College d/b/a Brandman University to make whole Charging Party, who was adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices.

L. Order Defendant Chapman University System to make whole Charging Party, who was adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices.

M. Grant such further relief as the Court deems necessary and proper in the public interest.

N. Award the Commission its costs of this action.

//
//
//
//
//
//
//
//

## DEMAND FOR JURY TRIAL

The Commission demands a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel
JAMES L. LEE
Deputy General Counsel
GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, DC 20507

*/s/*

WILLIAM R. TAMAYO
Regional Attorney

*/s/*

DAVID F. OFFEN-BROWN
Supervisory Trial Attorney

Dated: September 30, 2011

*/s/*

SIRITHON THANASOMBAT
Trial Attorney

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
San Francisco District Office