1

2

3

4

5

6

7

8                          UNITED STATES  DISTRICT COURT

9                          Northern District of California

10                               San Francisco

11   U.S. EQUAL EMPLOYMENT                    No. C 11-04845 LB
     OPPORTUNITY COMMISSION,

12                                            **ORDER DENYING DEFENDANTS'**
                   Plaintiff,                 **MOTION TO DISMISS PLAINTIFF'S**
13        v.                                  **FIRST AMENDED COMPLAINT**

14   UNIVERSITY COLLEGE OF CHAPMAN            [Re: ECF No. 14]
     UNIVERSITY, et al.,

15

                   Defendants.
16   _____/

17                              **INTRODUCTION**

18        The United States Equal Employment Opportunity Commission ("EEOC") brought an age

19   discrimination lawsuit against Chapman University and Brandman University (collectively,

20   "Defendants") on behalf of Defendants' former employee David Branham.  First Amended

21   Complaint ("FAC"), ECF No. 8 at 1.[1]  Defendants moved to dismiss the First Amended Complaint

22   on the ground that the EEOC fails to sufficiently allege its claims for retaliation, harassment, and

23   constructive discharge in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C.

24   §§ 621-634.  Upon consideration of the record and the parties' papers, the court DENIES

25

26

27

28        [1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page
     number at the top of the document, not the pages at the bottom.

---

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1  Defendants' motion.[2]

2                                   **BACKGROUND**

3      David Branham was employee of Chapman University and/or its subsidiary, University College

4  of Chapman University ("UCCU") (which later became Brandman University), from at least

5  February 2007 through May 14, 2008. *See generally* FAC, ECF No. 8. The EEOC alleges that in

6  June 2007, when Mr. Branham was approximately 64 years old, one of Mr. Branham's co-workers

7  "lodged allegations of age discrimination with UCCU." FAC, ECF No. 8 at 6, ¶ 25. Two months

8  later, in August 2007, "a Human Resources official from Defendant Chapman University

9  interviewed Mr. Branham as part of its internal investigation of [his co-worker's] allegations of age

10 discrimination, and Mr. Branham provided evidence in support of his coworker's claims of

11 discrimination." *Id*. From that point forward, the EEOC alleges that Defendants retaliated and

12 harassed Mr. Burnham until he was constructively discharged on May 14, 2008. *Id*. at 1, 6-9, ¶¶ 24-

13 39.

14     In support of these conclusions, the EEOC alleges that "since at least August 2007," Defendants

15 "unjustifiably provid[ed] Mr. Branham with a negative annual performance evaluation, subject[ed]

16 him to unjustified verbal and written warnings, impos[ed] burdensome additional duties that no other

17 employee in Mr. Branham's position on the campus had to complete, and over-scrutiniz[ed] his

18 programs and performance on a near-daily basis." *Id*. at 7, ¶¶ 26-27. The EEOC also alleges that,

19 again "since at least August 2007," Defendants "yell[ed] at Mr. Branham and subject[ed] him to

20 humiliating treatment at weekly staff meetings, set[] him up for failure in front of Defendants'

21 executive administrators, and subject[ed] him to ageist comments, such as that he was "too old to

22 relate to students." *Id*. at 8, ¶¶ 31-32. The EEOC alleges that, by doing these things, Defendants

23 subjected Mr. Burnham to disparate terms and conditions of employment and harassment, which, in

24 turn, "caused a working environment so abusive and intolerable that Mr. Branham was

25 constructively discharged" on May 14, 2008. *Id*. at 7-9, ¶¶ 26-27, 31-32, 36-37.

26

27 ────────────

28      [2] Pursuant to this District's Civil Local Rule 7-1(b), the court finds this matter to be suitable
   for determination without oral argument and vacates the May 24, 2012 hearing.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
For the Northern District of California

1    The EEOC, which has the authority to enforce the provisions of the ADEA under 29 U.S.C. §

2  626(b), filed the instant action on September 30, 2011.  Complaint, ECF No. 1.  On January 23,

3  2012, it filed a First Amended Complaint as matter of course pursuant to Federal Rule of Civil

4  Procedure 15(a)(1).  FAC, ECF No. 8.  Defendants moved to dismiss the First Amended Complaint

5  on March 23, 2012.  Motion, ECF No. 14.  The EEOC timely opposed Defendants' motion, and

6  Defendants filed a reply.  Opposition, ECF No. 19; Reply, ECF No. 20.

**LEGAL STANDARD**

8    Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss can be made and granted

9  when the complaint fails to state a claim upon which relief can be granted.  In considering a motion

10  to dismiss, a court must accept as true all well-pleaded factual allegations and construe them in the

11  light most favorable to the plaintiff.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007);

12  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249

13  (9th Cir. 2007).  The presumption of truth does not extend, however, to factual allegations that are

14  conclusory or simply recite the elements of a cause of action.  *Starr v. Baca*, 652 F.3d 1202, 1216

15  (9th Cir. 2011).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a

16  cognizable legal theory or sufficient facts to support a cognizable legal theory.  *Balistreri v. Pacifica

17  Police Dep't*,  901 F.2d 696, 699 (9th Cir. 1990).

18    The accepted factual allegations must state a claim to relief that is plausible on its face.  *Ashcroft

19  v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "The plausibility standard is

20  not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant

21  has acted unlawfully."  *Id*.  "Where a complaint pleads facts that are merely consistent with a

22  defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

23  relief."  *Id*. (internal citation and quotation marks omitted).  "In sum, for a complaint to survive a

24  motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content,

25  must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Service*,

26  572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).  If the court dismisses the

27  complaint, it should grant leave to amend even if no request to amend is made "unless it determines

28  that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203

C 11-04845
ORDER
3

UNITED STATES DISTRICT COURT
For the Northern District of California

1 F. 3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv.*

2 *Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

3 **DISCUSSION**

4     As stated above, the EEOC brought claims for retaliation, harassment, and constructive

5 discharge in violation of the ADEA. The ADEA "makes it unlawful for an employer to retaliate

6 against an employee for opposing the employer's discriminatory practices or participating in any

7 investigation or proceeding under the ADEA[.]" *O'Day v. McDonnell Douglas Helicopter Co.*, 79

8 F.3d 756, 763 (9th Cir. 1996). *See* 29 U.S.C. § 623(d). The Ninth Circuit applies the same standard

9 in both ADEA and Title VII retaliation cases. *See Hashimoto v. Dalton*, 118 F.3d 671, 675 n.1 (9th

10 Cir. 1997) ("[T]he ADEA anti-retaliation provision is 'parallel to the anti-retaliation provision

11 contained in Title VII,' . . . 'cases interpreting the latter provision are frequently relied upon in

12 interpreting the former.'" (quoting *Passer v. Am. Chem. Soc.*, 935 F.2d 322, 330 (D.C. Cir. 1991)));

13 *Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1441 (9th Cir. 1990) ("We rely on cases involving

14 retaliation claims brought under Title VII or Section 1981 as well as the ADEA. Few published

15 opinions involve ADEA retaliatory claims. Those circuits that have considered ADEA retaliation

16 claims have generally adopted the analysis used in Title VII cases without comment.").

17     Generally, to prevail on a retaliation claim, a plaintiff ultimately must show that he or she

18 engaged in a protected activity, that the defendant subjected him or her to an adverse action, and that

19 there was a causal link between the protected activity and the defendant's action. *Bergene v. Salt*

20 *River Proj. Agr. Imp. and Power Dist.*, 272 F.3d 1136, 1140–41 (9th Cir. 2001).

21     To prevail on a hostile workplace/harassment claim, a plaintiff generally must show that he or

22 she was subjected to verbal or physical conduct, that the conduct was unwelcome, and that the

23 conduct was sufficiently severe or pervasive to alter the conditions of his or her employment and

24 create an abusive work environment. *Vasquez*, 349 F.3d at 642.

25     A "constructive discharge occurs when the working conditions deteriorate, as a result of

26 discrimination, to the point that they become sufficiently extraordinary and egregious." *Brooks v.*

27 *City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000) (citations omitted). To prevail on a

28 constructive discharge claim, a plaintiff generally must show that "when, looking at the totality of

C 11-04845
ORDER
4

UNITED STATES DISTRICT COURT
For the Northern District of California

1  the circumstances, 'a reasonable person in [the plaintiff's] position would have felt that he [or she]

2  was forced to quit because of intolerable and discriminatory working conditions.'" *Watson v.*

3  *Nationwide Ins. Co.*, 823 F.2d 360, 361 (9th Cir. 1987) (quoting *Satterwhite v. Smith*, 744 F.2d

4  1380, 1381 (9th Cir. 1984)). "This test establishes an objective standard; the plaintiff need not show

5  that the employer subjectively intended to force the employee to resign." *Id*. (citing *Satterwhite*, 744

6  F.2d at 1383; *Nolan v. Cleland*, 686 F.2d 806, 814 n.17 (9th Cir. 1982)). "As a result, the answer

7  turns on the facts of each case." *Satterwhite*, 744 F.2d at 1382.

8      In essence, Defendants' argue that post-*Twombly* and post-*Iqbal*, the EEOC fails to sufficiently

9  plead any of these three claims in the First Amended Complaint. *See generally* Motion, ECF No.

10  14; see also Reply, ECF No. 20 at 5-7.[3]  The EEOC argues that it does sufficiently plead them. *See*

11  *generally* Opposition, ECF No. 19.  As stated above, in order to survive a motion under Rule

12  12(b)(6), a complaint must contain sufficient factual allegations to "state a claim for relief that is

13  plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has

14  facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw

15  the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting

16  *Twombly*, 550 U.S. at 556).  Further, pleadings consisting of "labels and conclusions" or a

17  "formulaic recitation of the elements of a cause of action will not do." *Id*. (quoting *Twombly*, 550

18  U.S. at 555) ("Threadbare recitals of the elements of a cause of action, supported by merely

19  conclusory statements, do not suffice.").

20      *Twombly*, as Defendants concede, explicitly did not overturn the Supreme Court's holding in

21  *Swierkievicz v. Sorema N.A.* that an employment discrimination complaint under ADEA and Title

22  VII need not contain specific facts establishing a *prima facie* case, but instead "must contain only 'a

23

24      [3] The parties cite to numerous non-binding federal district court and out-of-Circuit federal
appellate opinions, but the court finds them largely to be distinguishable, especially given that
25  "[d]etermining whether a complaint states a plausible claim for relief [is] . . . a context-specific task
that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556
26  U.S. 679.  Rather than compare the factual allegations in the EEOC's First Amended Complaint to
the factual allegations made (or not made) in the opinions cited by the parties, the court instead will
27  discuss whether the factual allegations made here are sufficient under the standards articulated by
28  the United States Supreme Court.

C 11-04845
ORDER

UNITED STATES DISTRICT COURT
For the Northern District of California

1  short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkievicz v.*

2  *Sorema N.A.*, 534 U.S. 506, 508 (2002) (quoting Fed. R. Civ. P. 8(a)(2)). *See Twombly*, 550 U.S.at

3  569-70 (discussing *Swierkievicz*). The plaintiff in *Swierkievicz* brought claims under the ADEA and

4  Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that he was terminated

5  on account of his age and national origin. *Swierkievicz*, 534 U.S. at 509. His complaint described

6  the events leading up to his termination, provided relevant dates, and included the ages and

7  nationalities of at least some of the relevant persons involved with his termination. *Id.* at 514. In

8  light of Rule 8(a)(2)'s notice pleading standard, the Court concluded that this was enough to give the

9  defendant notice of the plaintiff's claims and the grounds upon which they rested. *Id.*

10  Given Rule 8's notice pleading standard and *Swierkievicz*'s holding that facts establishing all of

11  the *prima facie* elements do not necessarily have to be alleged, the court finds that the factual

12  allegations in the EEOC's First Amended Complaint are sufficient to survive a motion to dismiss.

13  As described above, the EEOC alleged that Mr. Burnham provided evidence with respect to

14  Defendants' investigation of a co-worker's age discrimination claim. It also alleges that Defendants

15  "subject[ed] [Mr. Burnham] to unjustified verbal and written warnings," "impos[ed] burdensome

16  additional duties that no other employee in Mr. Branham's position on the campus had to complete,"

17  and "over-scrutiniz[ed] his programs and performance on a near-daily basis." These are all activities

18  necessarily performed by a supervisor. In addition, the EEOC alleges that at points between August

19  2007 and May 14, 2008, at least one of Defendants' employees "yell[ed] at Mr. Branham and

20  subject[ed] him to humiliating treatment at weekly staff meetings, set[] him up for failure in front of

21  Defendants' executive administrators, and subject[ed] him to ageist comments, such as that he was

22  "too old to relate to students." This treatment, the EEOC alleges, "caused a working environment so

23  abusive and intolerable that Mr. Branham was constructively discharged" on May 14, 2008. These

24  allegations set forth plausible claims for retaliation, harassment, and constructive discharge. While

25  the EEOC might have been able to include additional allegations, such as which of Defendants'

26  employees committed these acts and what the warnings and burdensome duties were, the allegations

27  as pled are sufficient for Defendants to investigate the claims and to answer the First Amended

28

C 11-04845
ORDER

1  Complaint.[4]

2                                    **CONCLUSION**

3      Based on the foregoing, Defendants' motion to dismiss is DENIED.

4      **IT IS SO ORDERED.**

5  Dated: May 17, 2012

6                                                      _____

7                                                      LAUREL BEELER
                                                       United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26          [4] The court is mindful that, by law, the EEOC files a complaint only after having investigated

27  the charge, found reasonable cause to believe the charge was true, and failed to eliminate the
    problem by "informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e-

28  5(b), (f)(1). *See* FAC, ECF No. 8 at 6, ¶ 23.

C 11-04845
ORDER
                                              7

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**